**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**DOCKET NO. 5:13-CR-99-RLV-DSC**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TYREE D. RHINEHARDT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On November 6, 2013 Defendant appeared before the Court for arraignment and detention hearing. Defendant was represented by appointed counsel Julia G. Mimms. Following the detention hearing, the Court ordered the Defendant detained. Defendant then waived a formal reading of the Indictment and entered a plea of not guilty. Defendant was escorted from the courtroom by the Marshals. As Defendant entered the door to the lockup, he shouted "bullshit!" in a clearly audible voice.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e), as amended by the Federal Courts Improvement Act of 2000. Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title

18." 28 U.S.C. § 636(e)(5).  Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty (30) days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)).  "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct was committed in the Court's presence and constituted misbehavior obstructing the administration of justice.  The Court ordered the Marshals to return Defendant to the courtroom.  Ms. Mimms remained at counsel table.  The Court advised Defendant that he was being held in summary criminal contempt for shouting an expletive within hearing of everyone in the courtroom.  The Court allowed Defendant an opportunity to respond.  Defendant declined to respond.  Defendant apologized as he left the courtroom following the imposition of sentence.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) and (5).  Accordingly, Defendants is committed to the custody of the Attorney General for thirty (30) days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: November 6, 2013

David S. Cayer
United States Magistrate Judge